IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| KURT D. HILL and TOBI D. HILL, ) | |
| ) | CASE NO. BK10-43498-TJM |
| Debtor(s). ) | A11-4009-TJM |
| KURT D. HILL and TOBI D. HILL, ) | |
| ) | |
| Plaintiffs, ) | CHAPTER 13 |
| ) | |
| vs. ) | |
| ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| COMPANY, as Trustee in Trust for the Benefit ) | |
| of the Certificateholders of Ameriquest ) | |
| Mortgage Securities Trust 2006-M3, Asset- ) | |
| Backed Pass-Through Certificates, Series ) | |
| ARSI 2006-M3; HOMEWARD ) | |
| RESIDENTIAL, INC., f/k/a AMERICAN ) | |
| HOME MORTGAGE SERVICING, INC.; ) | |
| and EVANSTON INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Hearing was held on June 19, 2013, on the motion by defendants Deutsche Bank National Trust Company, as Trustee, and Homeward Residential, Inc., to dismiss this case pursuant to Federal Rule of Bankruptcy Procedure 7012(b) (Fil. No. 41). Rebecca Abell Brown appeared for the debtors, Eric H. Lindquist and Bradley Knapp appeared for the moving defendants, and Susan M. Napolitano appeared for Evanston Insurance Company.

This adversary proceeding has what has turned out to be an unnecessarily convoluted history. The debtors initially filed it to determine the extent of Evanston Insurance Company's security interest in their home. Because the value of the first mortgage exceeded the value of the residence, the debtors asserted that Evanston's junior lien was wholly unsecured and should be stripped off. The debtors also filed a motion to determine the secured status of the first lien on the property, raising the issue of the validity of an assignment. At the court's direction, the debtors filed an amended complaint adding the servicer of the first mortgage as a defendant. The servicer did not respond to service of process, so judgment was ultimately entered against it avoiding the first lien.

Approximately a year later, Deutsche Bank National Trust Company ("DBNTC"), in its capacity as trustee for a securitized mortgage trust that appears to hold the first mortgage filed an

adversary proceeding to set aside the judgment. The court granted a declaratory judgment in DBNTC's favor, ruling that the judgment against the servicer did not affect DBNTC's interest.

The debtors then filed a second amended complaint in this adversary proceeding to determine the secured statuses of the first and second liens. DBNTC and its loan servicer have now moved to dismiss the complaint based on lack of standing and failure to state a claim upon which relief may be granted.

The issue of standing is dispositive of the first count. Debtors who are not parties to the assignment of a mortgage lack standing to attack the assignment. In re McFadden, 47 B.R. 136, 161 (Bankr. D.S.C. 2012); Rinaldi v. HSBC Bank USA, N.A. (In re Rinaldi), 487 B.R. 516, 529 (Bankr. E.D. Wis. 2013) (stating "It is well-settled that a borrower lacks standing to challenge the validity of a loan assignment based on issues related to a Pooling and Servicing Agreement ('PSA'), because a borrower is neither a party to the PSA nor a third party beneficiary."); Sovis v. Bank of New York Mellon, 2012 WL 733758 (D. Minn. Mar. 6, 2012) (holding that a borrower lacked standing to challenge an assignment of the mortgage because she did not sustain injury as a result of the assignment).

The debtors cite a number of cases holding that debtors do have standing to challenge mortgage assignments. However, those cases are distinguishable because they all involved foreclosure sales that had already occurred. In those instances, the debtors were found to have standing because the wrongful deprivation of their property would cause them injury.

The facts are different here. The note is not in danger of being foreclosed, and the debtors do not dispute that they owe a mortgage debt. They simply question to whom that debt is properly owed. The debtors are not in a position to challenge DBNTC's first lien position, particularly since they were aware of the recorded assignments from the original lender to DBNTC and could have named the proper defendants in the initial complaint.

This finding that the debtors are not in a position to challenge the validity of the first lien means that Evanston's lien is likely wholly unsecured. Based on the debtors' statement of facts in the second amended complaint, the debt to DBNTC slightly exceeds the value of the residence, so there is no value left to which Evanston's junior lien could attach. As such, Evanston's lien could have been stripped off under §§ 506(a) and 1322(b)(2) for purposes of the debtors' plan. Instead, the debtors' failure to name DBNTC as a party and the entry of the default judgment against American Home Mortgage Servicing, Inc., moved Evanston's lien into first place and allowed Evanston to receive payments for nearly two years.

The dispute over the proper recipient of the mortgage payments is between the lienholders and does not involve the debtors, and therefore does not involve this court. However, the debtors did incur additional expenses in attempting to ascertain the validity of the first lien, which is the basis of Count 2 of their complaint, and they should be allowed to go forward on that count.

IT IS ORDERED: The motion by defendants Deutsche Bank National Trust Company, as Trustee, and Homeward Residential, Inc., to dismiss this case (Fil. No. 41) is granted only as to Count 1. Because Count 2 remains to be resolved, this is not a final order for appeal purposes.

DATED:      July 8, 2013

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Eric H. Lindquist
    Bradley Knapp
    Rebecca Abell Brown
    Susan M. Napolitano
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.